John Houston Scott,  SBN 72578
Lizabeth N. de Vries, SBN 227215
W. Gordon Kaupp,  SBN 226141
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9601
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net
gordon@scottlawfirm.net

Attorneys for Plaintiff,
Sonya Knudsen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA KNUDSEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO INTERNATIONAL AIRPORT, JOHN MARTIN, BLAKE SUMMERS, and DOES 1-25,<br><br>Defendants. | Case No. CV 12 1944<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**(42 U.S.C. §1983)**<br><br>**JURY TRIAL DEMANDED** |

Comes now Plaintiff, SONYA KNUDSEN, brings this action against defendants, and each of them, and alleges as follows:

**JURISDICTION**

1.  This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343.

2.  The conduct alleged herein occurred in San Mateo County, California. The San Francisco International Airport is physically located in San Mateo County, but on City and County of San Francisco-owned land. Venue of this action lies in the United States District Court for the Northern District of California.

## PARTIES

3. Plaintiff SONYA KNUDSEN (hereafter "Knudsen") is employed as a Curator IV with the San Francisco International Airport.

4. Defendant, CITY AND COUNTY OF SAN FRANCISCO ("CCSF") is a municipal entity that operates the San Francisco International Airport.

5. Defendant, SAN FRANCISCO INTERNATIONAL AIRPORT ("Airport") is a municipal department of the City and County of San Francisco.

6. John L. Martin is and at all times herein mentioned was the Director of the San Francisco International Airport. In that capacity he was responsible for day-to-day operation of the Airport. Martin reports to a five-member Airport Commission, whose members are appointed by the CCSF mayor to four-year terms.

7. Blake Summers is and at all times mentioned was the Director and Chief Curator of the Airport Museum. Summers works under the direction of John Martin. In that capacity Summers is responsible for day-to-day operations of the Airport Museum. His duties include management of staff, exhibitions and permanent collection programs.

8. In doing the acts and admissions alleged herein each was acting within the course and scope of his or her employment and acting under color of state law. Defendants John Martin and/or Blake Summers were the final decision makers for the Airport Museum and the City and County of San Francisco.

9. Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise of DOES 1 through 25 herein, and prays leave of Court to insert the true names and capacities of such Defendants when they become known or ascertained together with appropriate charging allegations.

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

10. In doing the acts or omissions complained of Defendants, their agents and employees, acted or failed to act in concert and/or with the authorization and knowledge of each other.

## STATEMENT OF FACTS

11. From 1983 to 1997 Plaintiff, Sonya Knudsen, was employed by the Fine Arts Museum of San Francisco. In September 1997 plaintiff was hired as a Senior Museum Registrar at the San Francisco Airport Museum. In November 1999 plaintiff was promoted to Curator IV in Charge of Registration at the Airport Museum.

12. Since 1999 Knudsen was one step from being promoted to a management position. She performed supervisory and management responsibilities. Given her performance, training and experience Knudsen was the most qualified person at the Airport Museum eligible for promotion to a management position. In 2006 Knudsen was reassigned to the position of Curator in Charge of Administration and Special Projects.

13. In March 2007 Knudsen was seriously injured in an auto accident and was CCSF approved for a medical leave under the FMLA. In November 2007 Knudsen requested accommodation so that she could temporarily return to work on a part-time basis until she fully recovered. This reasonable request for accommodation was denied by defendant Blake Summers, Director of the Airport Museum. Plaintiff has information and believes that, as required by the law, reasonable requests for accommodation by SFO Museum male employees are routinely granted.

14. On or about April 2, 2008 Knudsen was released by her doctor to return to work full time. On May 28, 2008 Summers told Knudsen that he did not intend to promote her because she was gone from the work place for a year because of her injury. This prompted Knudsen to

make a CCSF discrimination complaint. Shortly thereafter Summers told Knudsen that she should quit if she was unhappy.

15. Beginning in 2008 defendant Summers also discriminated against Knudsen by reducing and limiting her job duties and responsibilities. This was consistent with a custom and practice at the Airport to under-utilize women in order to justify denying women promotions to supervisory and management positions.

16. Plaintiff and her union representative unsuccessfully attempted to resolve her complaint through the City and County of San Francisco Department of Human Resources ("DHR".) On December 8, 2008 an EEO Investigator of the City DHR, Silvia Castellanos, wrote Airport Director Martin to notify him of the discrimination charges and subsequent retaliation.

17. During 2008 Knudsen competed with Summers and others for the newly created Manager VI position. This would mean an increase in salary for the Director of the Museum, a position then held by Blake Summers. As a result of an unbiased, competitive process both Knudsen and Summers ranked number one on the promotion list. This meant that based on her experience and training Knudsen was equally qualified to Summers for the position of Director of the Museum.

18. In March 2009 Summers was selected by John Martin, Airport Director, for the Manager VI position. This decision was consistent with a custom and practice of SFO and Airport Director John Martin to favor men over women in promotions to management positions.

19. On September 25, 2009 the Director of CCSF DHR, Micki Callahan, wrote to Director John Martin to notify him of the outcome of the investigation of Knudsen's complaint.

20. In 2009 Knudsen competed with Abe Garfield and others for a promotion to a Manager II position. Knudsen again ranked number one on the list, as did Mr. Garfield. In

- 4 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

November 2009 the decision was made by Martin and Summers to promote Garfield to this management position.

21. Garfield's promotion created a vacancy at the Manager I position. Knudsen was the most qualified person for the position and it was foreseeable she would again rank number one on the list for this position. Her promotion would also have been consistent with the practice at the Airport, applied to men, of succession planning and career tracking. Since 2008 over a dozen men have been promoted at the Airport Museum by Summers.

22. In order to prevent Knudsen from being promoted to the open management position, Summers conspired with Rafael Centeno, Director of HR for the Airport, to change the job description for the open position vacated by Garfield. The change in the job description and supplemental requirements were done in order to justify promoting a male candidate, John Hill. Hill lacked the necessary training and experience to competently perform the job functions of the management position vacated by Garfield and he was provided by Summers the opportunity and training to acquire and develop skills and experience.

23. In 2010 Knudsen competed with John Hill and others for the promotion to the Manager I position. Because the change in the job description was weighted in favor of Hill's background and current job assignments, Aviation, Hill ranked number one on the list and Knudsen ranked number five.

24. Although Knudsen was reachable on the list and could have been promoted, Summers and Martin again decided to promote a man, John Hill, to this management position. On or about June 24, 2010, John Hill was promoted to the Manager I position consistent with the plan of defendants Summers and Martin to manufacture a justification to promote Hill, a less qualified management candidate, over Knudsen.

25. The Airport has been managed as a "boys club" headed by John Martin. Martin has created and perpetuated an environment that is designed to reward and promote men at the expense of women. Women are allowed to fill "quotas" in low level administrative and mid-level management positions so as to create the illusion, based on statistics, of equal employment opportunities. This environment encouraged Blake Summers to promote men at the expense of women, including Knudsen, at the Airport Museum.

26. Knudsen continues to be grossly underutilized when it is clear that she is equally qualified to Summers, Garfield, and Hill to perform management duties and responsibilities. This ongoing discrimination is intended to prejudice Knudsen's future attempts to be promoted to a management position and further damage her career opportunities.

27. This underutilization is also contrary to the public's interest. The public interest demands the full utilization of public employees so that public agencies run efficiently and productively. Otherwise taxpayer money is being wasted. It is contrary to the public interest to prevent female employees from performing duties and responsibilities commensurate with their training and experience.

## DAMAGES

28. As a result of the acts and omissions of alleged herein, the plaintiff has sustained and will continue to sustain losses of earnings, bonuses and benefits. In addition, plaintiff has suffered and will continue to suffer damage to her career and reputation in an amount to be determined according to proof.

29. As a further result of the acts and omissions alleged herein, plaintiff has suffered and continues to suffer humiliation, anxiety, embarrassment, and emotional distress in an amount to be determined according to proof.

30. Plaintiff was required to retain counsel and is entitled to reasonable attorneys' fees should she prevail in this action.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

31. The acts and/or omissions of defendants, as alleged in this Complaint, were willful, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the constitutional rights of the plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages according to proof.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – FOURTEENTH AMENDMENT EQUAL PROTECTION)

32. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

33. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law to deprive the plaintiff of her rights under the United States Constitution including but not limited to her right to equal protection as guaranteed by the Fourteenth Amendment.

34. Plaintiff was denied equal protection because she is a woman. The Defendants maintain a custom and practice of favoring men over women when making promotions to management positions.

35. This conduct was carried out, authorized and/or ratified by final decision makers for the Airport and the City and County of San Francisco including John Martin and Blake Summers.

36. As a result of said defendants' acts and omissions the plaintiff was injured and damaged as alleged herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION)

37. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

38. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law to deprive the plaintiff of her rights under the United States Constitution including but not limited to her right to petition and freedom of

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

speech guaranteed by the First Amendment.

39. Beginning in 2008 and continuing to the present the plaintiff has made numerous CCSF complaints of discrimination and has unsuccessfully attempted to have her grievances mediated. Plaintiff has also sought relief through the CCSF Civil Service Commission to no avail. These efforts have been futile as the plaintiff has been the victim of a bureaucratic maze designed to delay and frustrate efforts to achieve a remedy without resorting to litigation.

40. Plaintiff's complaints alleged herein involve matters of public concern.

41. Defendants engaged in conduct designed to chill plaintiff's speech by creating a hostile work environment and/or cause her constructive discharge.

42. As a result of said defendants' acts and omissions the plaintiff was injured and damaged as alleged herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## JURY DEMAND

43. Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

The plaintiff prays for relief as follows:

1. For compensatory and other economic damages according to proof;

2. For general, non-economic damages according to proof;

3. For an award of punitive damages against the individually named defendants;

5. For an award of attorney's fees and costs;

6. For appropriate injunctive relief designed to remedy the unlawful practices alleged herein; and

///
///
///
///
///
///

- 8 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

7. For such other and further relief as the Court may deem necessary and appropriate.

**DATED:** April 19, 2012

**SCOTT LAW FIRM**

By: _____
JOHN HOUSTON SCOTT
Attorney for Plaintiff