IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SONYA KNUDSEN,

        Plaintiff,

   v.

CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO INTERNATIONAL AIRPORT, JOHN MARTIN, BLAKE SUMMERS, and DOES 1-25,

        Defendants.

   /

No. C 12-01944 SI

**ORDER GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT; VACATING HEARING**

     Currently before the Court is plaintiff's motion to file an amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for January 25, 2013.

     Plaintiff filed her initial complaint on April 19, 2012, alleging two Constitutional claims pursuant to 42 U.S.C. § 1983: Fourteenth Amendment equal protection violation; and First Amendment violation based on retaliation. Plaintiff alleges that she was passed over for promotions on several occasions because of gender discrimination and disability discrimination. Compl.¶¶ 13-27. Plaintiff now seeks to amend her complaint to add three additional causes of action under California's Fair Employment and Housing Act ("FEHA"), for gender discrimination, disability discrimination, and retaliation. *See* Cal. Gov. Code §§ 12940 et seq. Plaintiff's factual allegations remain mostly identical to the initial complaint, with the addition of some detail regarding her physical injuries and accommodation issues. Plaintiff has not sought to amend her initial complaint until this motion.

     Federal Rule of Civil Procedure 15(a) provides that a party may amend after obtaining leave of the court, or by consent of the adverse party. Leave to amend is generally within the discretion of the

district court. *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996). Rule 15 advises the court that "leave shall be freely given when justice so requires." The case law advises that this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Despite this liberality, leave to amend should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A trial court should consider four factors when deciding whether to give leave to amend: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). However, the consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC*, 316 F.3d at 1052.

Defendants oppose plaintiff's motion primarily on the grounds that amendment is futile because the statute of limitations has run on plaintiff's FEHA claims, and no exception applies. The Court finds defendants' arguments regarding futility to be premature. Plaintiff asserts that her claims are not time-barred because they are subject to equitable tolling or because the violations were continuing and therefore tolled. Defendants raise a statute of limitations defense and attach evidence and declarations that speak to the merits of that defense. As a matter of law, the parties agree that at least some of plaintiff's proposed claims *may* be tolled. However, whether either tolling doctrine actually applies to plaintiff's claims is a factual question inappropriate for disposition on this motion. To decide whether amendment is futile, the Court's inquiry is whether, as a matter of law, relief is unavailable based on the allegations as proposed. *See Serpa v. SBC Telecommunications, Inc.*, 318 F.Supp.2d 865, 872 (N.D. Cal. 2004). Here, relief may be available, assuming plaintiff's claims are otherwise time-barred, if the facts support a tolling exception. Accordingly, the Court declines defendants' invitation to decide the merits of plaintiff's tolling contentions on a motion to amend a complaint.[1]

Defendants also argue that plaintiff unduly delayed in bringing these claims. Defendants assert that the facts supporting plaintiff's additional FEHA claims were known to plaintiff months earlier and that plaintiff does not explain the delay. However, delay is not a dispositive factor, particularly here,

---

[1] Accordingly, the Court DENIES defendants' request for judicial notice. Dkt. 26.

where there is no additional allegation of bad faith or prejudice to defendants at this early stage of the litigation. *See Lockheed Martin Corp.*, 194 F.3d at 986.

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to file an amended complaint. Plaintiff's amended complaint shall be filed **no later than February 13, 2013**.

**IT IS SO ORDERED.**

Dated: January 22, 2013

SUSAN ILLSTON
United States District Judge