UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA KNUDSEN,<br><br>                Plaintiff,<br><br>        v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>                Defendants. | Case No. 12-cv-01944-JST<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND ANSWER**<br><br>Re: ECF No. 61 |

In this action for employment discrimination and retaliation in violation of 42 U.S.C. § 1983 and the Fair Employment and Housing Act ("FEHA"), Defendants move for leave to amend the answer. For the reasons set forth below, the motion is GRANTED.

I.      **BACKGROUND**

        A.      **The Parties and Claims**

Plaintiff Sonya Knudsen is an employee of Defendant the City and County of San Francisco ("the City"). First Am. Compl. ("FAC") ¶ 3. Knudsen brings this action against Defendants the City, John Martin, and Blake Summers for claims arising out of Defendants' alleged failure to promote Knudsen on three different occasions on account of her gender and disabilities, as well as their purported failure to provide her with reasonable accommodations in light of her disabilities. Id. ¶ 36.

Knudsen asserts the following claims in the FAC: (1) a claim under 42 U.S.C. § 1983 for violations of the Equal Protection Clause of the Fourteenth Amendment; (2) a claim under § 1983 for retaliation in violation of the First Amendment; (3) gender discrimination in violation of FEHA; (4) disability discrimination in violation of FEHA; and (5) retaliation in violation of FEHA.

### B. Procedural History

Knudsen filed the FAC on January 25, 2013. ECF No. 33. Defendants filed an answer to the FAC on March 25, 2013. ECF No. 39. Discovery closed on September 27, 2013. ECF No. 46.

### C. Jurisdiction

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

## III. LEGAL STANDARD[1]

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court "should freely give leave" to amend a pleading "when justice so requires." Id. "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). "Not all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at 187. Generally, a court must make the determination of whether to grant leave "with all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

//

//

---

[1] Knudsen states that "it is unclear whether this motion should be analyzed under Rule 15 or 16." ECF No. 77 at 3. Because the Court did not set a deadline for amending the pleadings in the scheduling order it issued on May 22, 2013, motions for leave to amend the pleadings are governed by Federal Rule of Civil Procedure 15. See ECF No. 46; see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (holding that a motion to amend a pleading is governed by Rule 15 unless the district court issued an order "establish[ing] a timetable for amending the pleadings," in which case the motion is governed by Rule 16).

2

## IV. DISCUSSION

Defendants move to amend their answer to add four new defenses, namely (1) that "all of Defendants' actions were taken in good faith;" (2) that "Plaintiff's claim falls outside of the applicable the statute of limitations;" (3) that "Plaintiff failed to exhaust administrative remedies," and (4) that "Plaintiff's damages, if any, should be limited by the doctrine of after acquired evidence." ECF No. 61 at 3. Defendants argue that these defenses were "were inadvertently excluded" from the operative answer. Id. Defendants further argue that the proposed amendment would not prejudice Knudsen because the new defenses are "based on facts and theories already developed in the case," and because Defendants will stipulate to permit Knudsen to take additional discovery pertaining to the new defenses. Id. at 3-4. Additionally, Defendants contend that the after-acquired evidence defense is based on "previously unknown misconduct" by Knudsen that Defendants uncovered during discovery, namely that Knudsen violated City policy by not always attending medical appointments when she was granted leave from work for that purpose. See Zutler Supp. Decl. ¶ 2 & Ex. A.

Knudsen opposes the motion, arguing that the motion is untimely and prejudicial because Defendants filed it after discovery closed. ECF No. 77 at 1. With respect to the exhaustion and statute-of-limitations defenses, Knudsen argues that Defendants have been aware of the viability of these defenses since at least December 2012, as Defendants discussed exhaustion and statutes of limitations in their opposition to her motion for leave to amend the complaint. See ECF No. 25. Knudsen also argues that she specifically pleaded in the FAC that she exhausted her administrative remedies and that each of her claims is subject to equitable tolling, yet Defendants' answer to the FAC did not address these issues. With respect to the after-acquired evidence defense, Knudsen argues that it is futile and "irrelevant" because Defendants have failed to describe the evidence upon which this defense will be based and because they have failed to amend their Rule 26 disclosures to include such evidence. Knudsen does not address the "good faith" defense in her opposition.

The Court concludes that leave to amend the answer is appropriate with respect to all four of the proposed defenses.

With respect to the statute-of-limitations and exhaustion defenses, it is clear from the record that Defendants have been aware of the availability of these defenses for months, and thus, their motion for leave to add the defenses is not timely. Nevertheless, the Court is not persuaded that this delay is sufficient on its own to justify denying leave to amend. The Ninth Circuit disfavors denials of leave to amend on the basis of undue delay "[w]here there is a lack of prejudice to the opposing party and the amended [pleading] is obviously not frivolous, or made as a dilatory maneuver in bad faith." Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973). Here, Knudsen would not be prejudiced by the proposed amendment because the evidence material to these defenses, namely the complaints and other materials Knudsen filed with various administrative agencies in order to exhaust her administrative remedies, has been in Knudsen's possession since the outset of this litigation. Moreover, there is no evidence of futility or bad faith.

With respect to the after-acquired evidence defense, Defendants' motion is not untimely, because Defendants could not have discovered the viability of this defense until after Knudsen provided adequate responses to their discovery requests. The record shows that Knudsen failed to serve timely responses to Defendants' discovery requests, and that this delay prevented Defendants from determining whether the after-acquired evidence defense could be asserted. See Zutler Supp. Decl., ¶ 11 & Ex. C, D. Knudsen will suffer no prejudice by the assertion of this defense at this stage of the litigation, because Defendants have agreed to stipulate to permit Knudsen to conduct additional discovery in connection with this defense. Finally, there is no evidence of bad faith or futility.

Finally, Defendants' motion for leave to add a "good faith" defense is granted given that Knudsen has not addressed the proposed addition of this defense in her opposition.

//
//
//
//
//

## IV. CONCLUSION

Defendants' motion for leave to amend the answer to add the four defenses discussed above is GRANTED. Defendants may file the proposed amended answer they attached to their motion within five days of the date this order is filed. Defendants shall serve on Knudsen amended Rule 26 disclosures that describe the evidentiary basis of these new defenses at the same time they file any amended answer. The parties shall file a stipulation that describes the discovery that Knudsen may take in connection with the new defenses and that proposes a deadline for the completion of such discovery within fourteen days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: December 1, 2013

_____
JON S. TIGAR
United States District Judge