UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA KNUDSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 12-cv-01944-JST<br><br>**ORDER GRANTING MOTION FOR SANCTIONS AND SETTING DEADLINES**<br><br>Re: ECF No. 82 |

In this action for employment discrimination and retaliation under 42 U.S.C. § 1983 and the Fair Employment and Housing Act ("FEHA"), Plaintiff Knudsen moves for sanctions against Defendants under Rule 37(c)(1) on the ground that Defendants failed to supplement their disclosures or document production in accordance with Rule 26(e). For the reasons set forth below, the motion is GRANTED.

**I.    BACKGROUND**

**A.    The Parties and Claims**

Plaintiff Sonya Knudsen is a current employee of the City. First Am. Compl. ("FAC") ¶ 3. She works as a curator with the San Francisco International Airport ("SFO"). Id. Knudsen brings this action for employment discrimination and retaliation under 42 U.S.C. § 1983 and FEHA against Defendants the City; John Martin, the Director of SFO; and Blake Summers, the Director and Chief Curator of SFO's museum.[1]

The gravamen of the complaint is that Defendants failed to promote Knudsen on three different occasions, discriminated against her on the basis of her gender and disabilities, and retaliated against her with the intent of "damag[ing] her career opportunities." Id. ¶ 36.

---

[1] Knudsen also brings claims against SFO, which is a division of the City and not a separate entity.

1  Specifically, Knudsen alleges that she was unlawfully denied three promotions on the basis of her
2  gender and disabilities: (1) a position as Museum Director and Chief Curator (classification
3  Manager VI), which was filled by Blake Summers; (2) a position as Assistant Museum Director
4  (classification Manager II), which was filed by Abe Garfield; and (3) a position as Assistant
5  Director of Aviation (classification Manager I), which was filled by John Hill ("the positions at
6  issue"). Id. ¶¶ 1-30.

**B.      Discovery**

Defendants served their initial disclosures in September 2012, in which they identified the following documents as supporting their claims or defenses: "Knudsen's personnel files" and the "files of other City employees and applicants" with respect to "Knudsen's applications for promotions at the airport." Scott Decl., Ex. A at 2. Defendants also produced documents to Knudsen as part of their initial disclosures, including documents pertaining to the positions at issue. See Scott Supp. Decl., Ex. B (referencing "documents produced with the City's Initial Disclosures" in connection with requests for documents).

Knudsen then served a set of document requests on Defendants calling for "all documents" related to each of the positions at issue, and Defendants responded to these requests on April 23, 2013, by producing documents in connection with each request or by stating "please also see documents produced with the City's Initial Disclosures." Scott Supp. Decl., Ex. B. Defendants' response also included some general objections that did not specify whether certain documents were not produced as a result of an objection.

Until this point, Defendants were represented exclusively by Lisa Berkowitz, a Deputy City Attorney. Berkowitz Decl. ¶¶ 1-4. Berkowitz "relied" on staff at SFO and the City's Department of Human Resources and EEO unit to identify the documents that Defendants produced in connection with their initial disclosures and in response to Knudsen's document requests, which she claims is the City's "usual procedure." Id. ¶ 4. \

//
//
//

On May 28, 2013, Knudsen sent a letter to Defendants identifying documents that Defendants had not yet produced.[2] Scott Decl., Ex. B. These included documents pertaining to each of the positions at issue, such as the Job Analysis Questionnaire ("JAQ"), which details a position's duties and minimum qualifications. Id. at 7; Lei Dep. at 55.

Defendants responded to this letter on July 18, 2013, stating that Knudsen's description of the missing documents constituted additional discovery requests that "do not comply with the requirements of discovery requests" and that "do not make sense." Scott Decl., Ex. C at 1. In the same letter, Defendants stated that they would "not be responding to these additional requests, but [would] supplement [their] discovery responses and Rule 26 disclosures if necessary if [they] locate[d] additional responsive documents." Id.

On July 24, 2013, Defendants sent a letter to Knudsen stating that "the City has produced documents in this matter in the manner in which they are kept in the usual course of business," implying that no documents were missing from their production. Scott Decl., Ex. D. Counsel for Knudsen responded on July 26, 2013, stating that "it appears that there are categories of documents requested for which no documents were produced — at all," which pertain to the "general category of documents that should be maintained by HR in the normal course of business relating to three (3) promotions" and "include job postings, job descriptions and lists of job duties that relate to the hiring/promotion process." Scott Decl., Ex. E.

Knudsen deposed Vicki Lei, a senior personnel analyst for the City, on August 26, 2013. During the deposition, counsel for Knudsen discovered that a physical "recruitment folder" exists for each of the positions at issue that contains documents such as a JAQ, examination results, and interview-related materials. Lei Dep. at 57; Scott Decl., Ex. G. The documents in these folders are maintained in reverse chronological order in the normal course of business. Id. at 57-61. Counsel for Knudsen also learned from Lei that a JAQ for the Museum Director and Chief Curator

---

[2] For example, one description of the missing documents is "[a]ll documents that identify the duties and responsibilities of the Manager VI (0941) SFO Museum Director and Chief Curator position held by Blake Summers, including job description, posting position announcement, application packets from all applicants, interview panel info, and candidate ranking." Scott Decl., Ex. B at 7.

3

1  position, which had not been produced by Defendants, should exist.  Counsel for Knudsen asked
2  counsel for Defendants whether they had produced all of the documents that the City kept in these
3  folders in the normal course of business, including the JAQ for the Museum Director and Chief
4  Curator position.  Id. at 67-73.  Counsel for Defendants responded that they "produced the
5  documents [Knudsen] requested" and asked counsel for Knudsen to serve additional discovery
6  requests if Knudsen needed additional documents.  Id. at 68, 70.

7        Discovery closed on September 27, 2013.  ECF No. 46.  In preparing Defendants' motion
8  for summary judgment, which was filed on October 31, 2013, counsel for Defendants reviewed
9  the documents that had been produced by both parties and then "contacted the City to request
10 specific documents be sent."  Zutler Decl. ¶ 19.  Counsel for Defendants then received from the
11 City documents that pertain to the positions at issue and that should have been kept in the
12 recruitment folders, such as Summers' application, the JAQ for the for the Museum Director and
13 Chief Curator position, the JAQ for the Manager I position, and a form detailing the hiring
14 manager's selection for the Manager I and Manager II positions ("documents at issue").  Id.
15 Defendants used some of these documents as supporting exhibits to their summary judgment
16 motion.

17       Defendants then served amended disclosures on November 6, 2013, and produced over
18 200 pages of additional documents to Knudsen, which included the documents at issue.

19       Counsel for Knudsen sent a series of emails to the City in late November requesting an
20 explanation for the late production of documents, more time to conduct additional discovery prior
21 to filing an opposition to Defendants' motion for summary judgment, and the payment of costs for
22 the additional discovery and attorney's fees.  Scott Decl., Ex. K.  In their reply in support of their
23 motion for summary judgment, Defendants opposed Knudsen's request under Rule 56(d) for
24 additional time to conduct discovery.

25       Knudsen filed the present motion for sanctions on November 27, 2013.  In preparing
26 Defendants' opposition to Knudsen's motion, counsel for Defendants met with Vicki Lei and
27 "reviewed all documents related to the recruitment and selection procedures for the three positions
28 at issue."  Zutler Decl. ¶ 26.  Counsel for Defendants then discovered that "some" relevant

1  documents had not been produced to Knudsen, so Defendants recently served a second set of
2  amended disclosures and produced even more documents to Knudsen. Id.

### C. Procedural History

After the Court granted Defendants' motion to amend their answer, the parties stipulated to permit Knudsen to take additional discovery related to the new defenses that Defendants asserted in their amended answer until February 17, 2014. ECF No. 90.

Defendants filed a motion for summary judgment on October 31, 2013, which was scheduled for a hearing on December 5, 2013, but the Court vacated the hearing pending its resolution of Knudsen's motion for sanctions. ECF Nos. 63, 85.

### D. Jurisdiction

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a), a party is required, without awaiting a discovery request, to provide to the other parties several items of information, including a copy or a description of all documents that the disclosing party has in its possession and may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1). The disclosing party must make these disclosures "based on the information reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E).

Federal Rule of Civil Procedure 26(e) requires a party who has made a disclosure under Rule 26(a) or who has responded to a discovery request to supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties. Fed. R. Civ. P. 26(e).

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, however, the court may, on motion and after giving an opportunity to be heard, (1) order payment of the reasonable expenses, including attorney's fees, caused by the failure; (2) inform the jury of the party's failure; or (3) impose any other "appropriate" sanctions.

Fed. R. Civ. P. 37(c)(1).  "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

**III.    DISCUSSION**

Knudsen moves for sanctions under Rule 37(c)(1) on the ground that Defendants' production of the documents at issue violated Rule 26(e) and that this violation was neither substantially justified nor harmless.  Knudsen contends that Defendants' untimely production deprived her of the opportunity to depose Blake Summers and other witnesses with the benefit of the documents at issue and to conduct follow-up discovery after these depositions.  As a remedy, Knudsen requests (1) the attorneys' fees she incurred in connection with this motion; (2) the costs of additional discovery related to the documents at issue; (3) leave to file a supplemental brief to oppose summary judgment; (4) an order striking Defendants' summary judgment motion; or (5) adverse jury instructions.  Mot. at 9.

Defendants oppose the motion, stating that the untimely production was the result of an "honest mistake" caused by an "inadvertent failure to discover internally and disclose certain documents." Opp'n at 7.  Defendants argue that sanctions are unwarranted because (1) they never provided a false certification in connection with their productions within the meaning of Rule 26(g); (2) the sanctions that Knudsen seeks are not contemplated by Rules 26 or 37 and thus require a showing of bad faith; (3) Defendants have "attempted to work with [Knudsen] to resolve this issue from the beginning"; and (4) the adverse jury instructions that Knudsen has requested are not appropriate here because there is no evidence showing that Defendants destroyed or intentionally suppressed documents.  Opp'n at 9.

Upon review of the evidence submitted by the parties, the Court concludes that the imposition of sanctions under Rule 37(c)(1) against Defendants is appropriate.  Both parties agree that, near the outset of the litigation, Defendants produced to Knudsen some documents relating to the positions at issue that should have been kept in the recruitment folders, including JAQs.  Though it is unclear whether this production was made in connection with Defendants' initial disclosures or in response to Knudsen's requests for the production of documents, this ambiguity

does not affect the resolution of this motion, because production on either basis triggers obligations under Rule 26(e).[3] Rule 26 requires a party that has served initial disclosures or has responded to discovery requests to supplement or correct its disclosures or responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Here, counsel for Defendants received information at least twice indicating that documents pertaining to the positions at issue had been omitted from their production. The first time occurred when Knudsen wrote them a letter in May 2013 itemizing missing documents. The second occurred when counsel for Knudsen told counsel for Defendants during Lei's deposition that he had not received specific JAQs. This detailed information was sufficient to prompt Defendants to inquire *immediately* into the adequacy of their document production and determine whether they were required to supplement it. The record shows that Defendants did not conduct any meaningful inquiry until months later, when their preparation of their motion for summary judgment required it. In fact, instead of conducting any follow-up inquiry, Defendants told Knudsen' counsel repeatedly that they had produced all relevant documents and that Knudsen would need to serve additional document requests to obtain the documents at issue even though the documents were responsive to requests that Knudsen had already served. Accordingly, it is not the case that the supplemental production that followed Defendants' motion for summary judgment was timely within the meaning of Rule 26(e). Neither was Defendants' second supplemental production, which followed Knudsen's motion for sanctions.

As such, Defendants are subject to sanctions under Rule 37(c)(1), unless they show that their violations of Rule 26(e) were substantially justified or harmless.

Defendants have not made this showing. The justifications that Defendants offer, namely that they followed the City's standard procedure for collecting documents at the outset of the litigation and that counsel believed that all documents had been produced, do not negate the fact

---

[3] Defendants admitted during oral argument that they had a duty to supplement their disclosures or production under Rule 26(e).

7

that counsel failed to conduct a meaningful inquiry when counsel for Knudsen alerted them of deficiencies in their production. Notably, though Lei has been available to answer document-related questions from the outset, Defendants waited to talk to her about their document production until *after* Knudsen filed her motion for sanctions. Defendants do not explain why they did not have a discussion with Lei when counsel for Knudsen first complained of missing documents in May 2013. Defendants also do not explain why they did not go over their document production with Lei during or immediately following her deposition in August 2013. As such, the Court cannot conclude that Defendants' failure to timely supplement was "substantially justified."

Additionally, the Court is not persuaded by Defendants' contention that the resulting prejudice to Knudsen was minimal on the grounds that the documents at issue are "helpful" to them and that Knudsen did not cite any of the documents in her opposition to Defendants' motion for summary judgment. This is because Defendants' Rule 26(e) violation deprived Knudsen of the opportunity to use the documents at issue prior to the close of discovery to uncover additional information to support her claims, which prejudiced her ability to fully prosecute her claims. No party disputes that this prejudice constitutes harm within the meaning of Rule 37(c)(1).

The arguments that Defendants advance in support of the proposition that sanctions are unwarranted are unavailing for the following reasons. First, Knudsen's motion is not premised on violations of Rule 26(g); accordingly, any arguments that Defendants make in connection with Rule 26(g) are inapposite.[4] Second, the sanctions that Knudsen seeks fall squarely within the scope of Rule 37(c)(1), and none of them require a showing of bad faith. See Fed. R. Civ. P. 37(c)(1). Finally, with respect to Knudsen's request for adverse jury instructions, nothing in Rule 37(c) limits the imposition of this sanction to any particular set of facts. To the contrary, Rule 37(c) gives significant discretion to the Court to impose any sanction it deems "appropriate," and none of the authorities cited by Defendants show otherwise.

---

[4] Rule 26(g) requires every disclosure to "be signed by an attorney of record," certifying that the disclosure is "complete and correct as of the time it is made" according to that person's knowledge, information, or belief. Fed. R. Civ. P. 26(g)(1). A certification that violates this rule without substantial justification subjects the signer to sanctions, including an order to pay the reasonable expenses and attorney's fees caused by the violation. Fed. R. Civ. P. 26(g)(3).

## IV. CONCLUSION

Knudsen's motion for sanctions under Rule 37(c)(1) is GRANTED as follows:

First, Defendants shall pay for the costs of any additional discovery related to the documents at issue, namely court reporter fees and expenses related to document production. This discovery must be completed within 90 days of the date this order is filed. Defendants may not seek new discovery during this period. Defendants shall make available for deposition any witness who has a connection to the documents at issue. To the extent that a particular witness already has been deposed in this action, any additional depositions of that witness shall be limited to topics relating to the documents at issue.

Second, Knudsen's response and Defendants' reply in connection with Defendants' motion for summary judgment are stricken from the record. The parties shall meet and confer regarding new dates for the filing of a new opposition and reply, a new hearing date for the summary judgment motion, and a new trial date, and they shall submit a stipulation with proposed dates within 30 days of the date this order is filed.

Third, Defendants shall pay for the attorney's fees and costs that Knudsen incurred in connection with her motion for sanctions. Within 14 days of the date this order is filed, Knudsen shall file a declaration that itemizes with particularity the fees and costs she incurred and setting forth an appropriate justification for any attorney-fee hourly rate claimed. These fees shall include the fees that Knudsen will incur in filing this declaration. Defendants may, but are not required to, file a response to Knudsen's counsel's declaration within 21 days of its filing. The Court will determine an appropriate award of fees and costs without oral argument.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Court denies Knudsen's request for additional sanctions at this time.  The Court, however, will consider the entirety of Defendants' discovery conduct if Knudsen requests such sanctions in connection with any alleged future discovery violations.

**IT IS SO ORDERED.**

Dated: January 27, 2014



_____
JON S. TIGAR
United States District Judge